**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL SCULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 24-522 |
| | ) |
| PENNSYLVANIA DEPARTMENT | ) |
| OF CORRECTIONS, et. al, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

This case has been referred to United States Magistrate Judge Christopher B. Brown for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

Rule 72 of the Local Rules for Magistrate Judges. On May 11, 2026, the Magistrate Judge issued

a Report and Recommendation addressing the Motion for Judgment on the Pleadings filed by

Defendant Peter Saavedra. ECF No. 88. Dr. Saavedra argued that Plaintiff, Michael Scullen, had

failed to exhaust his administrative remedies and has failed to state a claim. ECF No. 61. The

Magistrate Judge recommended that Dr. Saavedra's Motion be denied. Objections to the Report

and Recommendation were due by May 26, 2026. Dr. Saavedra timely filed Objections on April

20, 2026. ECF No. 89.

The filing of timely objections requires the district judge to "make a de novo

determination of those portions of the report . . . to which objection is made." 28 U.S.C. §

636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

Following a de novo review of the relevant pleadings and documents in this case, together with

the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's

Objections do not undermine the recommendation of the Magistrate Judge. Dr. Saavedra objects

to both of the Magistrate Judge's recommendations.

The Magistrate Judge, reviewing Mr. Scullen's Complaint liberally, explains that Mr. Scullen brings an Eighth Amendment claim, based upon his alleged unconstitutional placement and retention in solitary confinement in the STGMU, the inadequate mental health care and resulting mental health damages that occurred as a result, and, specifically with respect to Dr. Saavedra, that he was deliberately indifferent to Mr. Scullen's serious medical needs and his particular vulnerability to suicide. ECF No. 88, at 6. Following the Magistrate Judge's review of three of Mr. Scullen's grievances, he stated:

> In both grievances, Scullen complains of alleged inadequate mental health care while in the STGMU and identifies Defendant Saavedra. Through Grievance # 976938 and Grievance #977112, Scullen has clearly alerted the prison officials to his concerns about the quality of his mental health care in the STGMU, and implicated Defendant Saavedra (among others) in his concerns.

ECF No. 88, at 11. He further explains that "Scullen's Grievance # 976938 and Grievance #977112 share a factual basis with the Complaint, namely, that he is not receiving appropriate mental health care in the STGMU, that Saavedra played a role in having Plaintiff remain in the STGMU through the intentional misdiagnosis, and that Scullen should be transferred to a different unit." ECF No. 88, at 12.

Dr. Saavedra argued that grievance #977112 cannot serve as a basis for Mr. Scullen's claims, because the grievance was filed before some of his allegations against Dr. Saavedra occurred. Additionally, Dr. Saavedra argues that the grievance only mentions Dr. Saavedra along with a list of other staff members. Nonetheless, the Magistrate Judge concluded that "Scullen's grievances share a factual basis with the Complaint and sufficiently alert the prison to his concerns about his mental health treatment, [a]nd "as long as there is a shared factual basis . . . perfect overlap between the grievance and a complaint is not required by the PLRA." ECF No.

2

88, at 12 (citation omitted). Finally, the Magistrate Judge recognized that "Grievance #977112 identifies Defendant Saavedra as one of the prison staff members contributing to the denial of Scullen's proper mental health treatment, and further implicates Saavedra in allegedly intentionally misdiagnosing him." ECF No. 88, at 12. Therefore, he recommends that Dr. Saavedra's Motion for Judgment on the Pleadings be denied.

Dr. Saavedra objects, arguing that, despite the existence of properly exhausted grievances that share a factual basis with the allegations in the Complaint, "these grievances do not provide the requisite specificity to broadly exhaust the claims instantly asserted against Dr. Saavedra," and that properly exhausted grievances cannot encompass events that have not yet occurred. ECF No. 89, at 3; 4-6. Dr. Saavedra also objects to the recommendation to permit Mr. Scullen's Eighth Amendment claim, alleging that Dr. Saavedra changed Mr. Scullen's primary mental health diagnosis.  Dr. Saavedra argues that a misdiagnosis cannot amount to deliberate indifference.

Dr. Saavedra's objections consist primarily of the same general arguments and evidence that he already presented to, and which was considered by, the Magistrate Judge. The Court does not find any error in the Magistrate Judge's reasoning, or in his application of the law to the facts. Significantly, this action is at a preliminary stage, where many of the arguments asserted by Dr. Saavedra are not readily resolvable under the present record. As the Magistrate Judge indicated, such issues may arise at a later stage of the proceedings, when a more complete record has been established. Furthermore, at this stage of the proceedings, as discussed by the Magistrate Judge, Mr. Scullen's fully exhausted grievances share a factual basis with the Complaint. Namely, Mr. Scullen alleges that he is not receiving appropriate mental health care in the STGMU, that Dr. Saavedra played a role in having Mr. Scullen remain in the STGMU, and

3

that Mr. Scullen should be transferred to a different unit.

For the reasons stated above, Dr. Saavedra's Objections are overruled. The Court will adopt the Magistrate Judge's recommendations. After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 25th day of June 2026, it is ORDERED that the Report and Recommendation, ECF No. 88, is adopted as the Opinion of the Court.

Dr. Saavedra's Motion for Judgment on the Pleadings, EF No. 61, is DENIED.

Dr. Saavedra is permitted to raise an argument on the merits of Mr. Scullen's Eight Amendment claim at summary judgment.

This matter is returned to the Magistrate Judge for further proceedings.

__s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

Michael Scullen
JS-6696
SCI BENNER TOWNSHIP
301 Institution Drive
Bellefonte, PA 16823